## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**WAYNE M. PRINCIPE,**

        **Plaintiff,**

**v.**                                      **Case No:   6:13-cv-1853-Orl-GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

---

## MEMORANDUM OF DECISION

Wayne M. Principe (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for a period of disability and disability insurance benefits ("DIB"). Doc. No. 1. Claimant alleged disability beginning on July 16, 2009, and last met the insured status requirements of the Social Security Act on December 31, 2009. R. 19, 21. Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) failing to develop a full and fair record; 2) finding his testimony concerning his pain and limitations not credible; and 3) failing to consider the side effects of his medications. Doc. No. 21 at 6-15. Claimant argues that the matter should be reversed for an award of benefits, or, in the alternative, remanded for further proceedings. *Id.* at 15. For the reasons set forth below, the Commissioner's final decision is **AFFIRMED**.

## I.      THE ALJ'S FIVE-STEP DISABILITY EVALUATION PROCESS.

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is

disabled.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).  In *Doughty v. Apfel*, 245 F.3d 1274 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity.  At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments.  At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience.  If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work.  At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Id*. at 1278 (citations omitted).  The steps are followed in order.  If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

## II.   STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.

*Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (the court also must consider evidence detracting from evidence on which the Commissioner relied). The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III.   ANALYSIS.

### A.  Duty to Develop.

Claimant argues that the ALJ did not satisfy her duty to fully and fairly develop the record, because: 1) she failed to obtain medical evidence during the relevant period between July 16, 2009 and December 31, 2009, and 2) should have, but did not, order a mental health consultative examination. Doc. No. 21 at 6-9, 11-13. The claimant bears the burden of proving that he or she is disabled, and, thus, is responsible for producing evidence to support his or her claim for disability. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(a), (c)). Nevertheless, since a hearing before an ALJ is not an adversarial proceeding, the ALJ has a basic obligation to develop a full and fair record. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (per curiam) (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)). This obligation requires the ALJ to develop the claimant's complete medical history for at least the twelve (12) months preceding the month in which the application was filed, *Ellison*, 355 F.3d at 1276 (citing 20 C.F.R. § 416.912(d)), and order a consultative examination when such

an evaluation is necessary to make an informed decision. *Holladay v. Bowen*, 848 F.2d 1206, 1209 (11th Cir. 2003). Further, this basic duty applies regardless of whether the claimant is represented by counsel, but it rises to the level of a special duty when the claimant is unrepresented. *Brown v. Shalala*, 44 F.3d 931, 934-35 (11th Cir. 1995). By implication, where the claimant is represented during the administrative process or counsel has been waived, the special duty to develop the record does not take effect. *Robinson v. Astrue*, 235 F. App'x 725, 727 (11th Cir. 2007) (citing *Brown*, 44 F.3d at 934). In determining whether it is necessary to remand a case for development of the record, the Court considers "whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Brown*, 44 F.3d at 935 (quotations and citations omitted).

The medical record is comprised of two (2) distinct periods of treatment. The first period of treatment began in June of 2005 and ended in April of 2007. R. 232-40, 249-53, 256, 259-61, 264-73. This period of treatment relates almost exclusively to Claimant's back impairments – bulging disc at L3-4 and degenerative disc disease of the lumbar spine – which the ALJ found to be severe. *Id.*[1] The record contains no medical records between May of 2007 and July of 2009. At the hearing, the ALJ asked Claimant whether he received treatment during that period of time, to which Claimant testified that he continued to see Dr. Peter Corda, his pain management physician, for refills of his pain medication. R. 41. In light of Claimant's testimony, the ALJ suggested that Claimant's administrative counsel consider supplementing the record with medical records from May of 2007 through July of 2009, to which counsel replied "[w]e'll look into it." R. 64.[2] However, no medical records from that time period were submitted. R. 25. The second

---

[1] Claimant was treated for anxiety once during this period of time with a prescription for Valium. R. 237.

[2] The ALJ stated that she would hold the record open for two weeks so that Claimant's counsel could supplement the record with medical records from May of 2007 through July of 2009. R. 64.

period of treatment began in August of 2009, when Claimant established care with his current treating physician, Dr. Jerry Leventhal. R. 316-17. This period of treatment, like the first, primarily relates to Claimant's back impairments, but also contains treatment for general anxiety disorder. R. 306-17, 356-73.

The ALJ had a basic duty to develop the record, and thus was only required to develop Claimant's complete medical history from June of 2009 to June of 2010, the date Claimant filed his application for DIB. *Ellison*, 355 F.3d at 1276 (citing 20 C.F.R. § 416.912(d)). The record only lacks treatment notes from June and July of 2009. *See* R. 306-17 (treatment notes from August of 2009 through June of 2010). The ALJ was acutely aware of this deficiency, and questioned Claimant about his medical treatment, or lack thereof, during those months. R. 41. Based on Claimant's testimony, the ALJ stated that she would hold the record open so Claimant could submit medical records dating between May of 2007 and July of 2009. R. 64.[3] Claimant's counsel acknowledged the opportunity to supplement the record (R. 64), but never provided the ALJ with any medical records from June and July of 2009 (R. 25). *See* 20 C.F.R. § 404.1512(a) (stating that "[claimant] must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s)"); 20 C.F.R. § 404.1512(c) (stating "[y]our responsibility. You must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say you are disabled"). On this record, the Court finds that the ALJ satisfied her basic duty to develop the record as it pertains to Claimant's complete medical history from June of 2009 to June of 2010.[4]

---

[3] The ALJ did not offer or suggest that she would request any records dating between May of 2007 and July of 2009. R. 35-65.

[4] Claimant baldly argues that the ALJ's "failure to obtain known records from the relevant period clearly prejudiced the claimant and resulted in unfairness." Doc. No. 21 at 9. This argument is unpersuasive for two (2) reasons. First, Claimant has not demonstrated the existence of any medical records from June and July of 2009. Doc. No. 21 at 6-

Claimant also maintains that the ALJ should have ordered a mental health consultative examination because "there is no evidence on which the ALJ could rely in determining that [his anxiety] resulted in no limitations."   Doc. No. 21 at 11-13.[5]   The Court disagrees for two (2) reasons.   First, the ALJ did account for Claimant's anxiety by limiting him to "simple, routine, repetitive tasks" and "occasional adjustment to changes in the work setting."   R. 23, 26.   Second, the Court finds that the record was sufficiently developed for the ALJ to render such an RFC determination without a mental health consultative examination.   *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007) ("The [ALJ] . . . is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision").   Specifically, Claimant has not identified, nor can the Court discern, an inconsistency or insufficiency in the record that would necessitate a consultative examination.   Doc. No. 21 at 11-13; 20 C.F.R. § 404.1519a(b) ("We may purchase a consultative examination to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow us to make a determination or decision on your claim.").   Instead, the following evidence relied upon by the ALJ does provide sufficient support for the ALJ's RFC determination: 1) Dr. Leventhal's treatment notes from the relevant period – July 16, 2009 through December 31, 2009 – which contain no complaints of functional limitations caused by anxiety

9.   Second, even assuming such records exist, Claimant has not articulated how the evidentiary gap results in unfairness or clear prejudice.   *Id.*

[5] In arguing the ALJ failed to develop the record, Claimant also argues that the ALJ failed to weigh Dr. Angeles Alvarez-Mullin's December 1, 2010 Psychiatric Review Technique ("PRT"), in which she opined that there was insufficient evidence to conclude that Claimant suffered from a mental impairment.   Doc. No. 21 at 12-13 (citing R. 334-46).   Indeed, the ALJ did not weigh Dr. Alvarez-Mullin's PRT.   R. 26.   However, the Court finds this error to be harmless because the PRT does not contradict the ALJ's RFC determination.   *See, e.g., Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) ("An ALJ's failure to state with particularity the weight given different medical opinions is reversible error. When, however, an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand.") (citation omitted); *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) ("Although the ALJ did not explicitly state what weight he afforded the opinions of [several physicians], none of their opinions directly contradicted the ALJ's findings, and, therefore, any error regarding their opinions is harmless.").

and/or depression, and reveal normal neurological and psychological exam results (R. 312-17); 2) Dr. Leventhal's response to a Supplemental Mental Impairment Questionnaire, in which he opines that Claimant does not suffer from a mental impairment that significantly interferes with daily function (R. 319); and 3) Dr. Carol Delaney's Psychiatric Review Technique, in which she notes the lack of mental health treatment and opines that Claimant's anxiety is a non-severe impairment (R. 320-32).   R. 22, 25-26.   For these reasons, the Court finds that ALJ did not breach her duty to develop a full and fair record by failing to order a mental health consultative examination.

### B.  Credibility.

In the Eleventh Circuit, subjective complaints of pain are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms.   By this standard, there must be: 1) evidence of an underlying medical condition and either 2) objective medical evidence that confirms the severity of the alleged symptom arising from the condition or 3) evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.   *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).   "20 C.F.R. § 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability."   *Foote*, 67 F.3d at 1561; 20 C.F.R. § 404.1529.[6]   Thus, once the pain standard is satisfied, the issue becomes one of credibility.

---

[6] Social Security Ruling 96-7p provides: "2. When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities. This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects.

A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Foote*, 67 F.3d at 1561. "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Id*. at 1561-62; *see also* SSR 96-7p, 1996 WL 374186, at *2 ("It is not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'"). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote*, 67 F.3d at 1562. The lack of a sufficiently explicit credibility finding may give grounds for a remand if the credibility is critical to the outcome of the case. *Id*.

Claimant contends that the ALJ's credibility determination is encompassed in the following excerpt:

> After careful consideration of the evidence, the [ALJ] finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms prior to the date last insured are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

Doc. No. 21 at 14 (citing R. 24). Claimant argues that this "boiler plate type language" does not sufficiently articulate reasons for discrediting his testimony, and thus remand in necessary. *Id*. at

---

3. Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.

4. In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." SSR 96-7p, 1996 WL 374186, at *1 (July 2, 1996).

14-15.

The ALJ's credibility finding was not limited to the above paragraph.   Later in the ALJ's

decision, the ALJ provided the following detailed explanation as to why she found Claimant's

testimony not credible:

> Because the objective medical evidence does not support the
> claimant's allegations concerning the frequency, intensity, and
> limiting effects of his conditions prior to the date last insured, the
> [ALJ] must make a finding concerning his credibility.   The [ALJ]
> acknowledges that Dr. Corda's notes certainly show that claimant
> experienced significant pain for a period prior to the alleged onset
> date; however, Dr. Corda noted in April 2007 that the claimant was
> able to do most of his activities with his medications, and there is no
> evidence in any of Dr. Corda's notes that the claimant ever
> complained of limitations associated with side effects of his
> medications.   There is also no evidence that he claimant ever
> reported significant limitations associated with any of his
> impairments or side effects of medication to Dr. Lev[e]nthal prior to
> the date last insured.   It appears from Dr. Corda's notes that the
> claimant's condition improved to the point that he was able to travel
> back and forth between New Jersey and Florida.   The fact that the
> claimant has such a large gap in his treatment from April 2007 and
> August 2009 also undermines his credibility regarding his
> allegations and suggests that he saw improvement in his condition.
> In November 2010, the claimant reported that prior to his date last
> insured he was able to perform a variety of activities of daily living
> such as washing dishes and vacuuming at his own place and light
> shopping.

R. 25-26 (citations omitted).   Accordingly, the ALJ found Claimant's testimony concerning the

intensity, persistence, and limiting effects of his symptoms not credible due to the following: 1)

inconsistencies with the medical record; 2) a large unexplained gap in treatment; and 3) Claimant's

activities of daily living.   *Id.*   Claimant does not challenge the substantive basis for the ALJ's

credibility finding.   *See* Doc. No. 21 at 13-15.   Nevertheless, the Court finds that the ALJ

articulated good cause for discrediting Claimant's testimony and that her reasons are supported by

substantial evidence.   *See Foote*, 67 F.3d at 1561-62 (reviewing court will not disturb credibility

finding with sufficient evidentiary support).

### C.  Side Effects.

Claimant argues that the ALJ erred by not considering and including the side effects of his medications in her hypothetical to the vocational expert ("VE").   Doc. No. 21 at 9-10.   In determining whether a claimant's impairment(s) limit his or her ability to work, the ALJ considers, among other things, the claimant's subjective symptoms, which include, the "type, dosage, effectiveness, and side effects of any medication . . . taken to alleviate . . . pain or other symptoms[.]"   20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv).   Claimant bears the burden of introducing evidence supporting a claim that his symptoms, including any medication side effects, render him or her disabled.   *Walker v. Comm'r of Soc. Sec.*, 404 F. App'x 362, 366 (11th Cir. 2010) (citing *Ellison*, 355 F.3d at 1276).

Claimant testified that his medications cause him to frequently use the restroom, and to be sleepy and disoriented.   R. 46-7, 57.   The ALJ, however, found that Claimant's subjective complaints "concerning the intensity, persistence and limiting effects of [his] symptoms," which encompass Claimant's testimony about his side effects, "are not credible to the extent they are inconsistent with [her RFC] assessment."   R. 24.   In support, the ALJ accurately noted that none of Claimant's treatment notes document any complaints about medication side effects.   R. 25-26; *see Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 938 (11th Cir. 2011) ("[A] claimant's failure to report side effects to his physicians is an appropriate factor for the ALJ to consider in evaluating whether a claimant's alleged symptoms are consistent with the record.").   Thus, the ALJ considered Claimant's testimony concerning the side effects caused by his medications.   Despite the lack of evidence concerning medication side effects in the record, the ALJ nevertheless expressly stated that she accounted for both the side effects of medications and Claimant's mental

impairments by limiting Claimant to performing "simple, routine, repetitive tasks and [precluding] work at unprotected heights, around automotive equipment, and around hazardous machinery." R. 26.[7]   The ALJ included the same limitations in her hypothetical to the VE.   R. 60.   In light of the foregoing, the Court finds that the ALJ appropriately considered the side effects of Claimant's medications, and accounted for the same in her hypothetical to the VE.

## IV.    CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1.      The final decision of the Commissioner is **AFFIRMED**; and

2.      The Clerk is directed to enter judgment in favor of the Commissioner and to close the case.

**DONE** and **ORDERED** in Orlando, Florida on March 23, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Katie H. Pierce
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc.
550 Government Street
Suite 200
Mobile, AL 36602-2010

---

[7] Claimant does not challenge the ALJ's finding in this regard, or even acknowledge that the ALJ reduced his RFC, in part, due to the side effects allegedly caused by his medications.   Doc. No. 21 at 9-10.